GEORGE SAYER, Appellant, v. T. McNULTY et al., Respondents.

No.˙225; May 6, 1864.

**Corporate Stock.—An Instrument Intended to Convey Shares of** Stock of a person for nonpayment of assessments, but containing no allusion to him by name, not signed by him personally or for him by another under express power, and not consented to by him, is not good as a bill of sale.

**Corporate Stock—Authority to Sell for Assessments.—Under a** Power, by virtue of merely the articles of agreement of a company, to sell shares of members for nonpayment of assessments, such articles not showing in that connection the manner of sale, one cannot sell shares validly at private sale and without notice to the owner.

**Agency.—A Contract by an Agent cannot Bind the Principal** if it does not show on its face that someone other than the signer is intended to ˙be bound by it.

APPEAL from Tenth Judicial District, Sierra County.

The suit was in ejectment against McNulty and twelve other persons. The plaintiff alleged in his complaint lawful possession and ownership in him of, and title to the possession of, property described as "one full undivided thirty-second part of the following piece or parcel of land and mining ground," etc., and set forth the other usual allegations, all of which were denied in the answer. The suit was resisted orally on the ground that assessments on the plaintiff's fractional share had accumulated during his absence from the mine and, according to the evidence, this fractional share, without the plaintiff's knowledge, had been made the subject of a bill of sale, the other shareholders acquiescing. The instrument ran thus:

"Goodyear's Bar, April 30th, 1859.

"Know all men by these presents that I have this day sold to John Dooly one-half claim in the Richardson Company situated on Fir Cap at the head of Goodyear's Creek for the sum of thirty-nine dollars, $39.00, said half claim being one-half of 1/16 of all the ground claimed or owned by said Richardson Company, together with an equal interest in all the privileges enjoyed by said Richardson Company, said interest being sold to pay assessments due on the same.

(Signed)    "PATRICK DONAHUE."

Donahue, being sworn on the part of the defendant, said he was foreman when the instrument was made. He said also the company had never had any formal articles of incorporation, but only what he called "a contract or by-laws," which he had kept in his cabin but which had disappeared. He could repeat it from memory however. A copy was admitted in evidence, over the plaintiff's objection; by this it appeared that the plaintiff signed as a party to the contract, and that the latter contained this clause: "Each person shall pay in his assessments at the end of every two weeks, and in case of any person failing to pay at the end of four weeks his claim shall be forfeited to the company, and the foreman shall have power to sell the same for the assessments."

Williams, Johnson & Haymond for appellant; Van Clief & Bowers and Searls for respondents.

SAWYER, J.—We think the bill of sale introduced in evidence by defendants inadmissible. It does not purport to be the act of plaintiff or to have been executed by his authority. There is no allusion whatever to plaintiff in the document. Giving to the agreement organizing the company the most favorable construction for the defendants, the most that can be said of it is, that it authorizes the foreman of the company, as plaintiff's attorney in fact, to sell his interest in the claims of the company for nonpayment of assessments, and convey a title. The bill of sale does not purport to sell plaintiff's interest. It does not appear whose interest was sold. It might have been any other one-half of one-sixteenth interest in the whole company. Donahue does not sign it, or appear in the body of the instrument to act, as foreman of the company or as agent for plaintiff or any other party. He does not purport to execute in pursuance of a power. There is something more than a latent ambiguity to be explained, within the well-established rule of evidence upon that subject. All that appears in the instrument is that a fraction of the claim of the Richardson Company was sold by G. P. Donahue, to John Dooly, for nonpayment of assessments. Everything else is to be supplied by proof aliunde. The instrument in question, so far as anything to the contrary appears on its face, might just as well have been made to do duty as evidence, on a sale of a similar fraction of any other of the thirteen members of the company.

The case is not one where the owner of property places it in the hands of an agent for the purpose of sale upon general or special instructions. In such a case less formality might be required. But in this instance there is a naked power to sell in case of default to enforce the payment of assessments. As to the owner the sale takes place in invitum. The precise mode to be pursued is not pointed out in the articles of agreement containing the power, but in such case it would doubtless be necessary that the sale should be at public auction, upon a reasonable notice in order that the property might not be sacrificed. The document under consideration does not show the mode of the sale, or make any reference to the authority under which it was made, or to the owner of the interest sold.

There is much confusion in the authorities as to what instruments, not under seal, executed by agents shall be considered as contracts binding upon the principal. But we think it will be found that it must appear upon the face of the contract itself that the agent intended to bind some other party and not himself. But the cases in which great latitude of construction has been given in this respect are those where the principal has intrusted the agent with authority to act for his interest and benefit, and where his will is supposed to be consulted and carried out, and not cases of the exercise of a power to make sales for the purpose of enforcing a remedy which some other party has against the principal.

We think the bill of sale from Donahue to Dooley entirely too indefinite and uncertain in its terms to be admissible as evidence against the plaintiff. It was admitted and for this error the judgment is reversed and the cause remanded for a new trial.

We concur: Sanderson, C. J.; Currey, J.; Shafter, J.; Rhodes, J.